

**2009 Decisions**

**Opinions of the United States Court of Appeals for the Third Circuit**

11-13-2009

# In Re: Ossie Trader

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3748

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Ossie Trader " (2009). *2009 Decisions*. Paper 258.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/258

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3748
_____

IN RE: OSSIE R. TRADER,
                                                      Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to D.C. Crim. No. 2:94-cr-00534)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 30, 2009
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges
Opinion filed: November 13, 2009
_____

OPINION
_____

PER CURIAM.

Ossie Robert Trader, a federal prisoner, petitions this Court for a writ of

mandamus ordering the District Court for a public hearing on his "Motion for a Speedy

Trial," which he filed on March 2, 1995.  Trader subsequently pleaded guilty and was

sentenced.  He has challenged his conviction and sentence on direct appeal and collateral

review, but to no avail.

This is Trader's fifth attempt to revive his Speedy Trial Act claims by

petitioning for a writ of mandamus. <u>See</u> 322 Fed. Appx. 203 (3d Cir. 2009); 285 Fed. Appx. 973 (3d Cir. 2008); 226 Fed. Appx. 100 (3d Cir. 2007); 161 Fed. Appx. 205 (3d Cir. 2006). However, as this Court has repeatedly informed Trader, his speedy trial motion was terminated due to his guilty plea entered three months later in June 1995. <u>See also</u>, <u>Washington v. Sobina</u>, 475 F.3d 162, 166 & n.5 (3d Cir. 2007) (per curiam) (speedy trial rights are waived by an unconditional and voluntary guilty plea). A guilty plea may not be challenged through a petition for a writ of mandamus.

Accordingly, the petition for a writ of mandamus is denied.